## McGINTY et al. v. DABNEY et al.
### No. 12434.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 28, 1931.

See, also, Thorp Springs Christian College v. Dabney, 37 S.W.(2d) 193.

Kenley & Kenley, of Wichita Falls, for appellants.

Estes & Estes, of Granbury, and J. M. Carter, of Ft. Worth, for appellees.

BUCK, J.

This suit involves the question as to whether the court below correctly overruled the pleas of privilege of the several defendants. T. A. Davidson, B. B. Covey, C. A. Covey, T. H. Dabney, and E. M. Dabney, in plaintiffs' original petition, sought an injunction, in part mandatory in its character, against the State National Bank of Terrell, Kaufman county, J. B. McGinty, of Kaufman county, A. C. Cox, of Kaufman county, P. E. Payne, of Erath county, U. R. Forrest, of Kaufman county, and the Thorp Springs Christian College, an educational institution, as to whose domicile "by the terms of its charter, it should be located, with all of its property at Thorp Springs in Hood County, Texas, and would be located with all of its property, real and personal except, for the destruction, usurpation and removal thereof by the said defendants as hereinafter shown."

The original petition was filed on April 17, 1929. There seems to be no ruling on the pleas of privilege filed before the amended petition was filed.

On April 24, 1929, the State National Bank of Terrell filed its plea of privilege; on the same day J. B. McGinty filed his plea of privilege to be sued in Kaufman county; on the same day A. C. Cox filed his plea of privilege to be sued in Kaufman county; on April 30, 1929, the Thorp Springs Christian College, the State National Bank of Terrell, J. B. McGinty, A. C. Cox, U. R. Forrest, and P. E. Payne, filed their answers subject to the pleas of privilege filed and subject to the plea in abatement filed by J. B. McGinty, A. C. Cox, U R. Forrest, and P. E. Payne. In this answer there was a general demurrer, and certain special exceptions, believed not necessary here to mention. On May 4, 1929, plaintiffs filed their controverting affidavit to defendants' pleas of privilege, which alleged, in substance: That on May 16, 1918, the college became heavily involved in debt, and the trustees and management of said college had under advisement the desirability of removing said college to some other location, and that the patriotic citizens of Thorp Springs, and of Hood county, in order to keep said college at said last-named place, made an agreement with the authorities of said college that, if said citizens would subscribe and pay off the then existing debts and obligations incurred by it, the college should remain at Thorp Springs in said county, and that the citizens did subscribe and pay off the then existing indebtedness of said college, amounting in the aggregate to about the sum of $12,000. That on or about November 30, 1910, the Thorp Springs College, as it then existed, secured an amendment to its original charter, the same being of record in Book 44, page 21, of the Deed Records of Hood County, and that the eleventh subdivision of said amendment contained the following: "This corporation shall never mortgage nor place a deed of trust or other lien upon any of its properties for any purpose, nor shall it, save for current expenses, incur indebtedness at any time during the term of its existence." That on or about August, 1928, said defendants A. C. Cox, P. E. Payne, and U. R. Forrest, in violation of each and all the agreements heretofore shown, as well as in violation of the original and the amended charters, illegally, willfully, and maliciously took possession of and converted to their own use and benefit all of the property mentioned and described in the exhibit attached. The exhibit consisted of a list of the personal property alleged to have been taken from the college, and consisting of books and other printed matter, bookcases, one Baldwin grand piano, etc., of the estimated value of $14,700.

In the controverting affidavit, reliance is had upon article 1995, subdivision 9, Rev. Civ. Statutes of 1925, which reads: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

It was alleged that the unlawful, illegal, and willful conversion of the personal property by the said defendants amounts in law to a trespass, and that, the same having occurred in Hood county, plaintiffs aver that the venue is properly laid in said county.

On October 7, 1928, the plaintiffs filed their first amended original petition. In this amended petition W. A. Wakefield, J. H. Allen, A. B. Carter, Will Vick, J. W. Hale, Hite Rippetoe, J. A. Tedlie, J. C. Shipman, W. A. Burkett, J. A. Henry, Fred Warren, J. E. Maroney, M. H. Moore, J. C. Rigney, Lawerence Moore, E. E. Yarborough, and J. H. Neville were made defendants. It was alleged in the amended petition that, by reason of the agreement between the college and its faculty and certain citizens of Thorp Springs, on May 16, 1918, it was agreed and understood that the college should remain for all times at Thorp Springs, Hood county; that the citizens of Thorp Springs and Hood county paid off the debt then accrued, about $8,000; that on January 11, 1928, the said college was again largely in debt and in dire need of funds and money with which to discharge its obligations, and the trustees were again considering the advisability of removing said college from Thorp Springs, and the citizens of Thorp Springs and Hood county agreed to raise and did raise the sum of $3,000 then owing by the college, and that the agent of said citizens, T. A. Davidson, paid to H. H. Lewis, treasurer of said college, the sum of $2,000. It was alleged that said sum of money was paid with the understanding and agreement that said college and all of its properties and assets should forever remain at Thorp Springs, Hood county, and should continue at said place as an educational institution, and that said sum of money was the consideration of said agreement; that on or about the month of September, 1918, and subsequent to the time the citizens of Thorp Springs and Hood county paid the indebtedness of about $8,000 then against said college, and freed said property from any and all indebtedness and incumbrances, said college owned and held the title to a large amount of land, buildings, and improvements, all of which was located at or in the town of Thorp Springs, and for some reason the record title to said property was in one W. R. Woodhouse for the alleged purpose of securing certain indebtedness alleged to be due the said Woodhouse by said college; that said Woodhouse by deed in writing reconveyed all of the land, buildings, and other property then belonging to said college to T. H. Dabney, who was then the president of the board of trustees of said college, and to his successors in office for the use and benefit of said college, and said reconveyance was executed for the purpose of carrying out and performing the agreement made, as heretofore mentioned on May 16,

1918, by the citizens of Thorp Springs and Hood county and the trustees and management of the college.

On October 21, 1928, W. A. Wakefield filed his answer, consisting of a general demurrer and a general denial, and acknowledged that he at one time was a member of the board of trustees of the college, but alleged further that he had no personal knowledge of any of the transactions with reference to the financial affairs of said college and did not participate in any of the transactions and that none of these matters were acted upon in any of the meetings of the board of trustees while he was present; that, if it be true that any of the defendants committed any of the acts complained of by plaintiffs, defendant Wakefield was not guilty of any of such acts; wherefore he prayed that the plaintiffs take nothing as against him and that he be dismissed with his costs.

On October 19, 1928, defendant Fred Warren filed his plea of privilege, alleging that he lived in Knox county, and prayed that the suit as to him should be transferred to the district court of Knox county.

On November 23, 1929, M. H. Moore filed his plea of privilege, alleging that he resided in Tarrant county, and prayed that the suit as to him be transferred to the district court of the county having jurisdiction over his person.

On November 23, 1929, J. H. Allen filed his plea of privilege, alleging that he resided in Denton county, and prayed that the suit as to him be transferred to the district court of Denton county.

On April 25, 1930, J. C. Rigney filed his plea of privilege, alleging that he was a resident of Lubbock county, and prayed that the above suit be transferred to the Seventy-Second or Ninety-Seventh district court of Lubbock county.

On April 28, 1930, Lawerence Moore filed his plea of privilege, alleging that he was a resident of Brown county, and prayed that the suit in so far as it related to him be transferred to the district court of Brown county.

It will be remembered that the ground for a mandatory injunction as to the State National Bank of Terrell was that J. B. McGinty, purporting to act for and in the interest of Thorp Springs Christian College, attempted to create a lien on all the personal property mentioned in Exhibit A, and had executed a mortgage to the said State Bank of Terrell for the alleged purpose of attempting to secure an alleged indebtedness of $4,200, which mortgage and lien is held by said bank and is of record in the mortgage records of Kaufman county, and said bank is attempting to hold said lien against said property. The plaintiffs alleged that said lien

was in violation of the terms and conditions of the charter of said college, and was in violation of the law and in violation of the rights of plaintiffs and their associates, and in fraud of their rights. Wherefore, they prayed that said lien be declared void.

On April 29, 1930, the court heard the argument of counsel as to the pleas of privilege of A. C. Cox, of Kaufman county, J. C. Rigney, of Lubbock county, Fred Warren, of Knox county, of the State National Bank of Terrell. Kaufman county, Lawerence Moore, of Brown county, M. H. Moore, of Tarrant county, J. H. Allen, Denton county, J. B. McGinty and the Thorp Springs Christian College, of Kaufman county, and it was recited in the judgment that "the court having considered such pleas, and the controverting affidavits of the plaintiffs thereto, together with the evidence offered in support of them, respectively, and the argument of counsel, is of the opinion that said respective pleas should not be granted; and said pleas of the respective defendants are hereby denied and overruled." The defendants gave notice of appeal to this court.

The Twenty-Ninth judicial district court holds its session in Hood county "on the first Monday of March and September and may continue five weeks." The caption of the transcript shows that court convened on April 28, 1930, and adjourned on May 31, 1930, with Judge Sam M. Russell presiding.

#### Opinion.

It will be remembered that the suit was filed April 17, 1929. On November 25, 1929, the suit was "continued without prejudice to pleas of all kind and set Tuesday the 29th of April, 1930." This was before the pleas of privilege of Lawerence Moore, J. C. Rigney, J. H. Allen, and M. H. Moore had been filed. A plea of privilege filed by the State National Bank of Terrell was filed April 24, 1929. The plea of privilege of Thorp Springs Christian College was filed April 29, 1929, and also the pleas of privilege of J. B. McGinty and A. C. Cox were filed the same day. Therefore, on the first Monday in September, 1929, the time for the meeting of the next district court in Hood county, the pleas of privilege were on the second day thereof appearance cases.

On May 4, 1929, plaintiffs filed a controverting affidavit, in which they alleged the trespass to have been committed in Hood county. The evidence is sufficient to sustain that allegation. Therefore we conclude that the judgment of the trial court, overruling the pleas of privilege of the first-named defendants, was a proper exercise of his jurisdiction, and, in view of the subsequent order entered on November 25, 1929, that the cause was continued without prejudice to pleas of all kinds, the action of the trial court in overruling all pleas of privilege was correct.

Article 2008, Rev. Civ. Statutes of 1925, provides that on "the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege."

In City Nat. Bank of Spur v. Rhome-Farmer Livestock Commission, 259 S. W. 184, this court held that the trial court was permitted to defer decision upon a plea of privilege until after the evidence on the merits of the case was before the court.

None of the other pleas of privilege were filed in time to require action thereon until the March term, 1930. Therefore we conclude that the trial court did not err in overruling all the pleas of privilege.

Judgment affirmed.